## Miller et al. v. Fenner et al.

June 11, 1940.

Churchill Humphrey, Judge.

W. Scott Miller and C. Maxwell Brown for appellants.

Edward Bloomfield for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

The Metropolitan Life Insurance Company, here-inafter referred to as the Metropolitan, instituted this action to enforce its mortgage lien on real estate owned by Bertha L. Veatch and Bessie A. Sumser evidenced by a mortgage executed by them and the husband of the lat-ter to secure a note in the principal sum of $3,400 dated July 28, 1932, subject to certain credits set out in the petition. In addition to the mortgagors it made Irma Fenner, the Miller Finance Company, and W. B. Miller and H. W. Miller, partners composing such company, parties defendant.

It alleged that the Miller Finance Company was claiming a lien against the property by reason of pay-ment of city taxes for the years 1935, 1936, and 1937, and also by reason of an instrument of record in the county clerk's office of Jefferson county and called upon them to set up any claim, right, title or interest they might have in the property. It further alleged that in a suit in the Jefferson circuit court execution issued in favor of the plaintiff against defendants Bertha Veatch and Bessie Sumser which on November 23, 1936, was levied on the property and notice thereof recorded in the county clerk's office in November 1936; that such execution had not been released but had been assigned to defendant Irma Fenner and she was called upon to set up any claim, right, title or interest that she might have in the property or be forever barred.

By answer, cross petition and counterclaim the Miller Finance Company and the individual members thereof alleged that they had fee simple title to the property referred to in the petition and fully described in their pleading by virtue of a tax deed from the city of Louisville dated November 15, 1937, and of record in the county clerk's office of Jefferson county; that they purchased from the city of Louisville tax bills against the owners of the property for the years, 1935, 1936, and 1937, in November 1937; that on or before November 15, 1937, the tax receiver of the city of Louisville exposed the property for sale at public auction to the highest

and best bidder at the court house door in Louisville and that such tax bills due were unpaid and delinquent and they became the purchaser for the amount of the tax, interest, penalties and costs; that the property had never been redeemed; that the amount paid by them as set out in their pleading on account of taxes had never been paid to them; that the property was indivisible and could not be divided without impairing its value; that they spent $2.50 for recording their tax deed and that cross defendants were indebted to them in the amount unpaid and owing them; that the unpaid tax bills were a lien on the property prior and superior to all other liens including that of the Metropolitan and Irma Fenner; that Irma Fenner was claiming a lien by virtue of the execution referred to in the petition but that such lien was inferior to theirs and they called upon her to set up her claim or be forever barred from so doing.

They prayed that they be adjudged a fee simple title to the real estate and be adjudged a lien thereon superior to all others in the sums set out in their pleading and their lien be adjudged superior to all others including that of the plaintiff and cross defendants; that the property be adjudged indivisible and be sold and their demand be paid out of the proceeds.

On May 12, 1938, and before any further pleadings had been filed judgment was entered in favor of the Metropolitan for the amount due on its mortgage with interest and costs and it was adjudged a first and superior lien on the property subject only to the lien for taxes not yet due and payable and the lien for taxes due the Miller Finance Company; and the Miller Finance Company was adjudged a lien against the property for the sums due it for taxes, etc., as set out in its pleading and a sale of the property was ordered to satisfy the lien indebtedness. It was adjudged that the proceeds of the sale, after satisfaction of costs, be applied to the satisfaction of the judgment in favor of the Miller Finance Company and the balance of the proceeds of the sale, or so much thereof as might be necessary be applied to the satisfaction of the judgment in favor of the Metropolitan, and if any surplus remained same should be paid to the Miller Finance Company.

Pursuant to the judgment the property was sold by the commissioner on June 13, 1938, for the sum of $4,625 and the commissioner's report of sale thereafter filed

was duly confirmed on June 25, 1938. On June 28, 1938, Irma Fenner, over objections of the Miller Finance Company, was permitted to file answer setting up her lien claim under the judgment and execution in the suit referred to in the pleading of the plaintiff and the Miller Finance Company which had been assigned to her and alleged that relying upon the statements in the pleadings concerning her lien and that the lien was established by records of the court, she believed it unnecessary to take further steps or to assert her rights until final sale of the property. She further recited the facts concerning the payment of taxes by the Miller Finance Company and the tax deed made to it and alleged that it only had a lien on the property to secure the payment of the sums due it as alleged in its pleading. She prayed that after satisfaction of the costs and the lien claim of the Miller Finance Company and the Metropolitan, the surplus proceeds, if any, or so much thereof as might be necessary, be applied to the payment and satisfaction of her execution lien and that any surplus then remaining be turned over to Bertha L. Veatch.

The chancellor overruled a demurrer to the answer of Irma Fenner and the Miller Finance Company by reply traversed the material allegations thereof and filed the tax bills purchased from the city and its tax deed made by the tax receiver and prayed that the lien claim of Irma Fenner be adjudged inferior to the lien asserted by it in its cross petition.

On final hearing it was adjudged that so much of the former judgment as directed that after the satisfaction of the lien of the Miller Finance Company for taxes, interest, and costs paid by it and the mortgage lien of the Metropolitan, the remainder of the proceeds of the sale of the property be paid to the Miller Finance Company be set aside. It was further adjudged that after payment to the Miller Finance Company for taxes, interest, etc., paid by it and the satisfaction of the Metropolitan mortgage lien, then so much of the balance as might be necessary be applied to the satisfaction of the lien and claim of Irma Fenner amounting to $669.85. The Miller Finance Company is appealing.

It is argued in substance by counsel for appellant that Irma Fenner had no interest in the proceeds of the sale because Bertha L. Veatch and Bessie A. Sumser had no interest in the property in January 1938, the

date of the assignment of the judgment on which the execution had been issued; that on November 13, 1936, the Miller Finance Company had a prior execution lien against Bertha L. Veatch and Bessie A. Sumser by virtue of paying 1935 tax bills on November 12, 1935, which lien merged into a fee simple title by virtue of the tax deed dated November 15, 1937, foreclosing by statute the subsequent execution lien assigned to Irma Fenner but not the prior mortgage lien of the Metropolitan; that Bertha L. Veatch and Bessie A. Sumser failed to redeem the property from the tax sale of November 12, 1935, within 2 years thereafter; that Elsie S. Hawes, the execution creditor, likewise failed to redeem the property from the 1935 tax sale within the time required by law, and therefore same was foreclosed by statute merging the execution lien for 1935 tax in fee simple title of the Miller Finance Company by virtue of the tax deed of November 15, 1937.

Irma Fenner by virtue of the assignment of the judgment and execution unquestionably succeeded to all the rights of the original judgment and execution creditor and to the benefits of any lien that at that time existed in favor of the latter by reason of the levy of the execution of November 13, 1936.

In overruling the answer to the petition the chancellor in effect said that as he gathered from the record the tax deed was made on November 15, 1937, and that according to the pleading of the Miller Finance Company the property was sold for taxes on or about November 15, 1937; that that being true the period of redemption did not expire until the expiration of 2 years after the sale and therefore a tax deed should not have been made to the purchaser and it therefore merely had a lien upon the property for taxes, interest and penalties paid; that even if it had a valid tax deed, Drane v. Graves, 261 Ky. 787, 88 S. W. (2d) 927, was against it because the execution based on a judgment was to all intents and purposes a contract of record which was not washed up by the tax deed. Appellant attempted to cure the discrepancy pointed out by the chancellor by making the second paragraph of the reply to the answer of Irma Fenner an amendment of its answer and cross petition to show that the property was sold in November 1935 and that the date November 12, 1937, as appears in the answer and cross petition was a typo-

graphical error and should have read November 12, 1935, and the deed filed as an exhibit so indicates. But by the attempted amendment it did not amend that part of its original pleading which alleged that the property was sold for delinquent taxes for the years 1935, 1936, and 1937. Necessarily it could not be sold for 1937 taxes until same became delinquent.

But wholly apart from any question of deed and the effect that it might have upon the lien claimed by appellee it may be noted that while appellant states that it had and asked that it be adjudged a fee simple title to the property in controversy, in its cross petition it alleged that it had a lien upon it to satisfy its tax claim growing out of its purchase which was prior and superior to all other liens, including that of the Metropolitan and of the cross defendant, Irma Fenner; that the cross defendant Irma Fenner was claiming a lien upon the property but that her execution lien was inferior to its lien and it prayed it be so adjudged and its demand first paid out of the proceeds. In its reply to the answer of Irma Fenner it again prayed that her lien claim be adjudged inferior to its lien claim and this is exactly what the chancellor did and which is fully in accord with the justice and equity of the case.

Judgment affirmed.